IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE HENRY RHODES, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-305-WHA |
| | ) |
| **HOUSTON COUNTY COMMISSIONERS,** | ) "DEMAND FOR JURY TRIAL" |
| et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

Come now Defendants, **HOUSTON COUNTY COMMISSIONERS, SHERIFF LAMAR GLOVER, COMMANDER WILLIAM McCARTY, and NURSE PRACTITIONER DARLA SPEIGNER,** in the above styled cause and for Answer to Plaintiff's Complaint, state as follows:

1. As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2. As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3. As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional rights of plaintiff have been violated and demand strict proof thereof.

4.  As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5.  As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Commander William McCarty and Nurse Practitioner Dara Speigner** (Exhibits "1" and "2" respectively).

6.  As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

## FOURTH DEFENSE

Defendants assert that cities and counties are absolutely immune from punitive damages under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

## FIFTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SIXTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

## EIGHTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

## NINTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## TENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## ELEVENTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## TWELFTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution.

## THIRTEENTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

## FOURTEENTH DEFENSE

Defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise

in the above styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

### FIFTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

### SIXTEENTH DEFENSE

Alabama law provides sufficient procedural due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

### SEVENTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, §14.

### EIGHTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### NINETEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

### TWENTIETH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code*

*§ 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

## TWENTY-FIRST DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a).* Specifically, plaintiff has filed this lawsuit against the Houston County Commission without first presenting his claim to the county commission as required by *Ala. Code § 6-5-20;* plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

## TWENTY-SECOND DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

## TWENTY-THIRD DEFENSE

That the plaintiff does not plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> *No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

## TWENTY-FOURTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and

limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-FIFTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2)*.

### TWENTY-SIXTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

### TWENTY-SEVENTH DEFENSE

Defendants assert that mere negligence or medical malpractice is insufficient to state a claim. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

### TWENTY-EIGHTH DEFENSE

Defendants adopt and assert all defenses provided and set forth in the Alabama Medical Liability Act, *Ala. Code § 6-5-481, et seq., and § 6-5-542, et seq.*

### TWENTY-NINTH DEFENSE

Defendants plead the affirmative defense that the plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render defendants liable to the plaintiff as required by *Ala. Code § 6-5-551*.

### THIRTIETH DEFENSE

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

### THIRTY-FIRST DEFENSE

Defendants assert the truth as a defense in this case.

### THIRTY-SECOND DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

### THIRTY-THIRD DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27*.

### THIRTY-FOURTH DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff.

### THIRTY-FIFTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985*.

### THIRTY-SIXTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory.

## THIRTY-SEVENTH DEFENSE

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

## THIRTY-EIGHTH DEFENSE

The Sheriff and Deputy Sheriffs are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state* executive officials. *Id. § 112 ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

## THIRTY-NINTH DEFENSE

There was no policy or custom of Sheriff Lamar Glover that was executed by any employee of the Houston County Sheriff that caused any injury to the plaintiff.

## FORTIETH DEFENSE

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

## FORTY-FIRST DEFENSE

The claims against the Houston County Commission are due to be dismissed because the

Sheriff and his officers are state officers and are policy makers for the State of Alabama and not Houston County, Alabama. The Houston County Commission does not have authority to control the actions of the Sheriff or Chief Corrections Officer and as a result *"can never be liable under §1983 for the acts of those whom the local government has no authority to control ...."* Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Circuit 1998) (en banc).

### FORTY-SECOND DEFENSE

The Houston County Commission asserts that *"a local government can only be liable under §1983 for injuries which the government itself caused.* Monell, 436 U.S. at 691, 98 S.Ct. At 2036, *and causation necessary implies control."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

### FORTY-THIRD DEFENSE

The Houston County Commission asserts that *"an Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

### FORTY-FOURTH DEFENSE

The Houston County Commission asserts that *"Alabama Counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run."* and that *"[t]he County cannot be liable for the harms that befall jail inmates due to improper operation of the jail or negligent supervision of the inmates because the County has no responsibility in that area."* Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (11th Circuit 1998) (en banc).

## FORTY-FIFTH DEFENSE

That the Houston County Commission asserts and pleads that the claims against the Houston County Commission are due to be dismissed as it is entitled to the same absolute immunity from civil liability under §1983 for their legislative activities as has long been accorded to federal, state and regional legislators. Bogan v. Scott-Harris, 523 U. S. 44, 140 L. Ed 2d 79, 118 S. Ct. 966 (1998) which states that,

> *The rationales for according absolute immunity to federal, state and regional legislators apply with equal force to local legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. See* Spallone v. United States, *493 U.S. 265, 279, 107 L. Ed. 2d 644, 110 S. Ct. 625 (1990) (noting, in the context of addressing local legislative action, that "any restriction on a legislator's freedom undermines the 'public good' by interfering with the rights of the people to representation in the democratic process"); see also* Kilbourn v. Thompson, *103 U.S. at 201-204 (federal legislators);* Tenney, *supra, at 377 (state legislators);* Lake Country Estates, *440 U.S. at 405 (regional legislators). Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. See* Tenney v. Brandlove, *supra, at 377 (citing "the cost and inconvenience and distractions of a trial"). And the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability. See* Harlow v. Fitzgerald, *457 U.S. 800, 816, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982). Id.*

## FORTY-SIXTH DEFENSE

Defendant Houston County Commission cannot be held liable under *42 U.S.C. § 1983 or 42 U.S.C. § 1985* on a *respondeat superior* theory, nor is the Sheriff of Houston County or one of his deputies a policy maker for purposes of liability pursuant to a custom or policy of the County. See McMillian v. Monroe County, 117 S.Ct. 1734, 1739 (1997) and Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991).

### FORTY-SEVENTH DEFENSE

Houston County Commission is immune from plaintiff's claims for punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

### FORTY-EIGHTH DEFENSE

Plaintiff cannot recover on any state law claims which are premised upon a *respondeat superior* theory, because Houston County Commission cannot be held liable under a theory of *respondeat superior* for the actions of the Sheriff or any of his officers.

### FORTY-NINTH DEFENSE

Houston County by and through the Houston County Commission never undertook any action regarding policies of the Sheriff and under state law the County Commission does not have authority to do so.

### FIFTIETH DEFENSE

Houston County by and through the Houston County Commission has not and does not have authority to establish any policy, procedure, custom or practice for the Houston County Sheriff's office or the Jail.

### FIFTY-FIRST DEFENSE

Houston County by and through the Houston County Commission has not and does not have authority to set any standards or requirements with regard to or to establish or promulgate work rules or standards for the Houston County Sheriff, his deputies, corrections officers or other jail employees.

## FIFTY-SECOND DEFENSE

Houston County by and through the Houston County Commission does not have any direct control nor can the County instruct the Sheriff, his deputies or employees in the ways and means performing their duties.

## FIFTY-THIRD DEFENSE

Houston County by and through the Houston County Commission does not have any supervisory authority or control over the Houston County Sheriff, his deputies or his jail employees.

## FIFTY-FOURTH DEFENSE

Houston County Commission to the extent such suit is interpreted as a suit against Houston County, is immune from punitive damages under state law.

## FIFTY-FIFTH DEFENSE

The United States Supreme Court in <u>McMillian v. Monroe County, Alabama</u>, 520 US 781, 793, 117 S.Ct. 1734, 1740, 138 L.Ed.2d1 (1997), unequivocally held that *"Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."* In so holding the Court found as a matter of law that the governing body of counties, the county commission, *"cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime,"* 117 S.Ct. At 1739. The Court went on to find that a *"county commission thus has no direct control over how the sheriff fulfills his law enforcement duty...."* Id.

## FIFTY-SIXTH DEFENSE

Houston County Commission cannot be held liable for policies of the Sheriff. To hold Houston County Commission liable for the actions of an independent state officer over whom the

County Commission has no control would have the perverse effect of allowing a form of vicarious liability under *§ 1983* that is even more extreme than the *respondeat superior* theory rejected by the courts.

### FIFTY-SEVENTH DEFENSE

That by law, Houston County Commission has no authority to provide the injunctive relief sought by plaintiff.

### FIFTY-EIGHTH DEFENSE

Houston County Commission owes no duty to plaintiff relative to the things and matters alleged in plaintiff's Complaint.

### FIFTY-NINTH DEFENSE

The Houston County Commission was not involved, in any manner, in the alleged acts or omissions of the Sheriff of Houston County or any of his deputies as alleged in this lawsuit and there is no allegation in this lawsuit otherwise.

### SIXTIETH DEFENSE

The Sheriff, his deputies and other officers are state employees and are not treated as an "*employee of the county for purposes of imposing liability on the County.*" Parker v. Amerson, 519 So.2d 442 (Ala. 1987), and King v. Colbert County, 620 So.2d 623, 625 (Ala. 1993).

### SIXTY-FIRST DEFENSE

The Houston County Commission does not have control over the Sheriff, his deputies or other officers. The Houston County Commission has absolutely no role in the development of policies or procedures for the Houston County Sheriff or his employees.

## SIXTY-SECOND DEFENSE

In the case at bar, there was no Houston County Commission policy or custom that was executed by any employee of Houston County Commission or of the Houston County Sheriff that caused any injury to the plaintiff.

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

                                        Respectfully submitted,

                                        SHERRER, JONES & TERRY, P.C.

                                        **s/Gary C. Sherrer**
                                        GARY C. SHERRER, ATTORNEY FOR
                                        THE ABOVE-REFERENCED DEFENDANTS
                                        Alabama Attorney Code No. SHE-016

## JURY DEMAND

DEFENDANTS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE AS PROVIDED BY LAW.

                                        **s/Gary C. Sherrer**
                                        GARY C. SHERRER, ATTORNEY FOR
                                        THE ABOVE-REFERENCED DEFENDANTS
                                        Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 WEST MAIN STREET
DOTHAN, ALABAMA 36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon George H. Rhodes Jr., #57322, c/o The Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 23rd day of June, 2006.

                                        **s/Gary C. Sherrer**
                                        OF COUNSEL