IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE HENRY RHODES, JR.,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: 1:06-cv-305-WHA ) |
| **HOUSTON COUNTY COMMISSIONERS,** et al., | ) ) ) ) |
| Defendants. | ) |

### AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **William B. McCarty** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am William B. McCarty and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since June of 2004. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein.

WILLIAM B. McCARTY AFFIDAVITPAGE 1



EXHIBIT 1

I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case.

According to the jail records the plaintiff is a pretrial detainee. According to reports from jail staff, on February 11, 2006, when the plaintiff claims to have slipped in the shower, the shower was cleaned and sprayed down with disinfectant. All inmates were instructed not to enter or use the shower for twenty four (24) hours after they were sprayed down. The plaintiff was told that the showers were closed but he chose to go to the shower at a time when he was not suppose to be there.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. While the plaintiff has filed several grievances, the plaintiff has not filed any grievance related to his alleged fall in the shower or with regard to his medical treatment while in the Houston County Jail. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail

Docket Card showing that the plaintiff received a copy of the Inmate Rules even though he refused to sign the card as well as previous docket cards that were signed by the plaintiff showing that he received a copy of the Inmate Rules, are attached hereto collectively as **Exhibit D**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit E**, and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F** and is incorporated herein by reference as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit G**, and is incorporated herein by reference as if fully set forth.

I am not personally or directly involved in the provision of medical treatment to inmates in the Houston County Jail. With regard to Plaintiff's claims related to medical testing or treatment/denial of medical treatment, the policy of the Houston County Jail is that all requests for medical treatment are forwarded to one of the nurses on duty with the expectation that appropriate and necessary medical treatment will be provided to or obtained for the inmate. I was not personally and directly involved in the provision of medical care to the Plaintiff.

In addition to the forgoing, while he was in the jail, the plaintiff was seen almost every day

by one of the nurses when they would give out medications. The nurses on duty in the jail would go onto the jail floors every day for the dispensing of medications. That was also a time when inmates had an opportunity to personally tell one of the nurses if they have a medical problem and want to be placed on the jail medical clinic list. The Inmate Rules provide in pertinent part that "Inmates who are ill or have a medical complaint will fill out an inmate request form." See Inmates Rules, Exhibit A. On Saturday, February 18, 2006, the plaintiff filled out an inmate request form for medical treatment and was seen in the medical clinic of the jail the next week for evaluation and treatment.

Upon information and belief, the plaintiff was, during the period of time made the basis of Plaintiff's complaint, provided necessary medical testing, treatment and care while in the Houston County Jail.

Sheriff Lamar Glover is not actively involved in the day to day operations of the jail and was not directly or personally involved in the events allegedly giving rise to the plaintiff's claims.

The Houston County Commission has no authority to hire, fire, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail. Likewise, the individual commissioners do not have any authority to hire, fire, supervise, or discipline any employee of the Houston County Sheriff in his department or in the Houston County Jail.

I know of no instance in which the Houston County Commission or any individual commissioner has ever established or attempted to establish any policy, procedure, custom, or practice for the employees of the Houston County Sheriff's Department or the Houston County Jail. Neither the Houston County Commission nor the individual commissioners have any legal authority to do so. Although Houston County is required by state law to pay the salaries of the Sheriff, his deputies and

corrections officers, the authority to pay said salaries is mandated by the Alabama legislature and minimum salary requirements are stipulated.

Neither the Houston County Commission nor the individual commissioners set standards or requirements for the training and education of the Sheriff, his deputies, corrections officers or jail medical staff. The Sheriff of Houston County, Alabama, has complete authority and control to hire, fire, and define the standards and qualifications of each of his deputies, corrections officers and jail medical staff without the consent and/or approval of the Houston County Commission or the individual commissioners.

Neither the Houston County Commission nor the individual commissioners have actual or legal authority to establish policies and procedures for the Sheriff. Furthermore, neither the Houston County Commission nor the individual commissioners have authority to promulgate work rules for the Houston County Sheriff or his employees, and have no knowledge of the day-to-day operations and activities in which the Sheriff or his jail employees engage.

The Sheriff, not the Houston County Commission or individual commissioners, has ultimate control and authority over the inmates of the jail, the employees of the jail, the jail medical staff (except for medical care or judgment type decisions) and the jail itself. It is my understanding that the Sheriff has the legal custody and charge of the Houston County Jail and all the inmates committed thereto. The Sheriff appoints, directs and controls the deputies and corrections officers who work at the Houston County Jail. Neither the Houston County Commission nor the individual commissioners have authority to hire, fire or manage the Sheriff's employees including but not limited to those who work in the jail.

Neither the Houston County Commission nor the individual commissioners perform, nor do they have any duties with respect to, the daily operations of the Houston County Jail and they have no authority to dictate how the jail is run. The Houston County Sheriff is responsible for providing necessities such as constitutionally required medical care, sanitary facilities, clothing, bedding, and drinking water to the extent of the reasonable overall budget appropriated to the Sheriff by the County Commission and its Commissioners in their legislative capacity, in the exercise of their local legislative discretion and as required by law.

_____
WILLIAM B. McCARTY

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **William B. McCarty**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 23rd day of June, 2006.

_____
NOTARY PUBLIC
My Commission Expires:   12-9-08